

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 19, 1958

Honorable H. D. Dodgen           Opinion No. WW- 389
Executive Secretary
Game and Fish Commission    Re: Does the Game and Fish Commis-
Austin, Texas                    sion have legal authority to
                                 expend its funds for the purpose
                                 of maintaining Port Mansfield
                                 Pass when the primary purpose of
                                 such pass is for use as a navi-
Dear Mr. Dodgen:                 gable waterway?

        You have requested our opinion on the following ques-
tion which we quote from your letter of January 29, 1958:

        "The Willacy County Navigation District has
    completed a navigation channel existing from
    Port Mansfield across the Laguna Madre and con-
    tinuing with a connecting pass through Padre Is-
    land to the Gulf of Mexico. Some difficulty has
    been experienced with this pass filling with sand
    as a result of erosion on the Gulf side.

        "Judge Johnson, Port Director for the Navi-
    gation District, recently appeared before the Game
    and Fish Commission requesting that the Commission
    expend the sum of approximately $30,000 to remove
    the material that is filling up the mouth of the
    pass so as to keep it open to allow fish migra-
    tions from the Gulf to the inland waters.

        "Inasmuch as the Navigation District in ques-
    tion has-constructed this pass and channel at a
    cost of approximately $3,000,000, as a navigation
    venture, the Game and Fish Commission has doubts
    as to the legality of spending Game and Fish con-
    servation funds to help maintain such a pass.

        "As a consequence of this situation, I am re-
    quested to ask your opinion on the subject: 'Does
    the Game and Fish Commission have legal authority,
    in light of H. B. 952, Acts 1939, Regular Session,
    1946, to expend its funds for the purpose of main-
    taining Port Mansfield pass when the primary pur-
    pose of such pass is for use as a navigable waterway?'"

Article 4049c, Vernon's Civil Statutes, constitutes the authority of the Game and Fish Commission to acquire, construct, and maintain passes from one body of tide-water to another to allow the passage of fish and the equalization of the saline content of the various waters.  Attorney General's Opinion R-1930 (1949).  This Article reads as follows:

"Art. 4049c,  Purchase or condemnation of lands, water rights, etc., for fresh water hatcheries, and for constructing and maintaining channels.

"Section 1.  The State of Texas, through the Game, Fish and Oyster Commission, shall have the right to acquire by purchase any and all land in this State that may be deemed necessary for the construction, maintenance, enlargement and operation of fresh water fish hatcheries, and for the construction and maintenance of passes leading from one body of tide-water to another.  Upon approval of the title by the Attorney General of this State said Game, Fish and Oyster Commission is hereby authorized to pay for such land so purchased out of any money that has been, or may be hereafter appropriated to it by the Legislature.

"Sec. 2.  The State of Texas, through the Game, Fish and Oyster Commission, shall have the right, power and authority to enter upon, condemn, and appropriate lands, easements, rights-of-way and property of any person or corporation in the State of Texas for the purpose of erecting, constructing, enlarging and maintaining fish hatcheries, buildings, equipment, roads, passage-ways to said hatcheries and also shall have the right, power and authority to enter upon, condemn and appropriate lands, easements, rights-of-way and property of any person or corporation in this State for the purpose of constructing, enlarging and maintaining passes or channels from one body of tide-water to another body of tide-water in this State.  Provided that the manner and method of such condemnation, assessment, and payment of damages therefor shall be the same as is now provided by law in the case of railroads."

We do not believe, however, that the terms of this Article authorize the expenditure of State moneys for the purpose

of maintaining passes primarily for navigational purposes constructed by an entity other than the Game and Fish Commission. We believe that the authority granted to the Game and Fish Commission by this statute to maintain passes leading from one body of tide-water to another is limited to passes constructed by the Game and Fish Commission, as opposed to concerns unconnected with the Game and Fish Commission work.

Accordingly, we hold that under the facts and circumstances recited to us, the Game and Fish Commission may not expend appropriated public moneys for the purpose of removing sand and other material from the mouth of a channel constructed for navigational purposes by the Willacy County Navigation District.

## SUMMARY

Under the stated facts the Game and Fish Commission may not expend appropriated public moneys for the purpose of removing sand and other material from the mouth of a channel constructed for navigational purposes by the Willacy County Navigation District.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
Assistant

JHM:pf:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Houghton Brownlee, Jr.
Cecil Rotsch
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY W. V. Geppert